STATE OF LOUISIANA
v.
PERRY COWART
No. 2008-KA-0201.
Court of Appeals of Louisiana, Fourth Circuit.
June 25, 2008.
KEVA LANDRUM-JOHNSON, District Attorney, ALYSON R. GRAUGNARD, Assistant District Attorney, Counsel for State of Louisiana.
SHERRY WATTERS, Louisiana Appellate Project, Counsel for Perry Cowart.
Court composed of Judge JONES, Judge McKAY, III, and Judge GORBATY.
CHARLES R. JONES, Judge.
Perry Cowart appeals his conviction for simple possession of cocaine and his sentence of forty months as a third felony offender, requesting only a review of the record for errors patent. Finding no errors, we affirm his conviction and sentence.
On March 9, 2007, the State charged Cowart with one count of simple possession of cocaine. He failed to appear for arraignment, and the court forfeited his bond and issued a capias for his arrest. Subsequent to his arrest, he pled not guilty at his arraignment on April 1, 2007.
On May 24, the district court heard and denied his motion to suppress the evidence and found probable cause to hold him for trial. On June 7, a six-person jury found him guilty as charged.
On June 14, the district court sentenced Cowart to serve forty months at hard labor. The State filed a multiple bill, alleging Cowart had two prior felony convictions. After being advised of his rights, Cowart pled guilty to the multiple bill. The district court vacated the prior sentence and sentenced Cowart as a third offender to serve forty months at hard labor without benefit of probation or suspension of sentence. On June 15, 2007, the district court granted Cowart's motion for appeal.
At approximately 10:30 p.m. on December 2, 2006, Officers Michael Lorio and William Torres were on routine patrol in the First District in New Orleans. As they approached the corner of Conti and North Roman Streets, they saw a car disregard the stop sign on N. Roman and turn right onto Conti. The officers activated their lights, and the car immediately pulled over. The driver of the car, Perry Cowart, got out of the car as soon as it stopped. While Ofc. Torres went to the passenger side of the car to determine if anyone else was in the car, Ofc. Lorio walked toward Cowart. He saw Cowart drop a small object from his left hand to the ground near his feet. Ofc. Lorio called to Ofc. Torres that Cowart had dropped something and retrieved the object, which was a bag of what appeared to be crack cocaine. The officers then handcuffed Cowart, advised him of his rights, and advised him that he was under arrest for possession of cocaine.
The State introduced a traffic citation issued by Off. Torres to Cowart, which charged him with disregarding a stop sign and lack of registration. It also introduced the bag of cocaine that Off. Lorio retrieved, as well as a crime lab report showing that the substance in the bag tested positive for cocaine.
A review of the record for errors patent reveals none.
By his sole assignment of error, Perry Cowart requests a review of the record for patent errors. Such review shows there are none. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), as interpreted by this Court in State v. Benjamin, 573 So. 2d 528 (La. App. 4 Cir. 1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La. 12/12/97), 704 So. 2d 241. Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to Cowart, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this Court's review is limited to errors on the face of the record. La. C.Cr.P. art. 920.
As per Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Cowart was properly charged by bill of information with a violation of La. R.S. 40:967, and the bill was signed by an assistant district attorney. Cowart was present and represented by counsel at arraignment, during trial, and at sentencing. The jury's verdict and Cowart's sentence are legal in all respects. Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that Cowart was guilty of simple possession of cocaine.
Our independent review reveals no non frivolous issue and no trial court ruling that arguably supports the instant appeal. Therefore, we affirm Perry Cowart's conviction and sentence. This Court also grants Cowart's appellate Counsel's motion to withdraw as counsel of record.

DECREE
Perry Cowart's convition and sentence are affirmed. Appellate counsel's motion to withdraw is granted.
AFFIRMED; MOTION GRANTED